UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARVEY E. LARSON,

       Plaintiff,

v.

CLIFF CONGO, *et al.*,

       Defendants.

Civil Action No. 17-1105 (UNA)

## MEMORANDUM OPINION

Pursuant to the Prison Litigation Reform Act ("PLRA"), *in forma pauperis* status does not relieve a prisoner plaintiff of his obligation to pay the filing fee in full. *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). Rather than "pay the full filing fee at the time he brings suit . . . he can pay the filing fee in installments over time." *Id.* (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting 28 U.S.C. § 1915(g)).

This plaintiff has accumulated more than three strikes. *See Larson v. Runnels*, No. 2:07 CV 1985 (E.D. Cal. Feb. 12, 2008) (adopting Magistrate Judge's Findings and Recommendation to dismiss for failure to state a claim upon which relief can be granted); *Larson v. Runnels*, No. 2:07 CV 806 (E.D. Cal. Feb. 4, 2008) (dismissed under 28 USC § 1915A(b)(1) for failure to state a claim); *Larson v. Patton*, No. 2:07 CV 01043 (E.D. Cal. Oct. 15, 2007) (dismissed for failure

to state a claim); *see also Larson v. Warden Gonzales*, No. 1:08 CV 685 (E.D. Cal. Apr. 7, 2009) (denying leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g)); *appeal dismissed*, No. 09-15994 (9th Cir. Nov. 30, 2009).

Under these circumstances, plaintiff may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court "assess[es] the alleged danger at the time [plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009), and in so doing "construe[s] his complaint liberally and accept[s] its allegations as true," *id.* (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)). None of the complaint's factual allegations demonstrate that plaintiff is in imminent danger of serious physical injury.

The Court will deny plaintiff's application to proceed *in forma pauperis* and dismiss this civil action without prejudice. The plaintiff may file a motion to reopen this case upon payment in full of the $350 filing fee.

An Order is issued separately.

DATE: 6/21/2017

/s/ Tanya Ch_____
United States District Judge